IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 - 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02525-BNB

EDWIN MITCHELL PIRELA, Pro Se Pro Hoc Vice, ADA Litigant,

    Plaintiff

v.

MAGISTRATE JUDGE TED STEWART, United States District Court, Central Utah,
JUDGE PAUL G. MAUGHAN, The (SLK) Third District County Court, Salt Lake, Utah,
ATTORNEY GENERAL MARK L. SHURTLEFF, Utah Attorney General's Office,
ASSISTANT ATTORNEY GENERAL CHRISTOPHER D. BALLORD, Utah Attorney
    General's Office,
SUPREME JUSTICE CHRISTINE M. DURHAM,
APPEAL JUDGE PAMELA T. GREENWOOD,
UTAH APPEAL COURT, and
UTAH SUPREME COURT,

    Defendants.

## ORDER OF DISMISSAL

On October 19, 2009, Plaintiff Edwin Mitchell Pirela, acting *pro se*, submitted to the Court a Prisoner's Civil Rights Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Boyd N. Boland entered an order on October 27, 2009, directing the Clerk of the Court to commence a civil action and instructing Mr. Pirela to submit his claims on a Court-approved form that is used when filing prisoner complaints in this Court. On December 21, 2009, Mr. Pirela complied with Magistrate Judge Boland's October 27 Order.

The Court must construe the Complaint liberally because Mr. Pirela is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Mr. Pirela asserts his constitutional rights were violated during a State of Utah criminal proceeding and seeks injunctive relief and money damages. For the reasons stated below, the Court will dismiss the Complaint and action without prejudice.

This Court lacks proper venue to review the instant action. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Venue is improper in this Court because Defendants reside in the State of Utah and because the events giving rise to Mr. Pirela's claims occurred in the State of Utah.

Mr. Pirela's Complaint also suffers from other deficiencies. Defendants Magistrate Judge Ted Stewart, Judge Paul G. Maughan, Supreme Justice Christine M. Durham, and Appeal Judge Pamela T. Greenwood are absolutely immune from liability in civil rights suits when they are acting in their judicial capacity, unless they act in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263,

1266-67 (10th Cir. 1994). Each of Mr. Pirela's claims challenge the state court proceedings in his State of Utah criminal case. Nothing Mr. Pirela asserts against Judges Stewart, Maughan, Durham, and Greenwood indicates the judges were acting outside of their judicial capacity. The claims asserted against Judges Stewart, Maughan, Durham, and Greenwood, therefore, are barred by absolute judicial immunity.

Defendants Attorney General Mark L. Shurtleff and Assistant Attorney General Christopher D. Ballord enjoy immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Pirela's allegations against Defendants Shurtleff and Ballord involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Shurtleff and Ballord are inappropriate parties to this action based on absolute immunity.

The State of Utah has not waived its Eleventh Amendment immunity in § 1983 actions, *see Kruitbosch v. Utah*, No. 09-cv-00168-CW, 2009 WL 3681866 (D. Utah Nov. 3, 2009) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-71 (1989)), and the "arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states," *see Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996). Neither the Utah Appeals Court nor the Utah Supreme Court are proper parties to this action.

3

Even if Mr. Pirela's claims had merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that, if a judgment for damages favorable to a prisoner in a § 1983 action would necessarily imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **Id.** at 486-87. Nothing Mr. Pirela asserts indicates that the conviction he is challenging has been reversed, expunged, or declared invalid.

Furthermore, to the extent Mr. Pirela requests a new trial, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement [and] must seek federal habeas corpus relief (or appropriate state relief) instead." **Wilkinson v. Dotson**, 544 U.S. 74, 78 (2005). For a claim of wrongful state conviction the sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **see Preiser v. Rodriguez**, 411 U.S. 475, 487 (1973), after exhaustion of state remedies, **see** 28 U.S.C. § 2254(b)(1). Mr. Pirela has a § 2254 case pending in the United States District Court for the District of Utah (Central) challenging the same criminal proceeding that he challenges in this action. **See Pirela v. Friel, et al.**, No. 2:07-cv-208-PGC (D. Utah Filed Apr. 3, 2007)

The Court will dismiss this action for lack of proper venue but will refrain from transferring the case to a court with proper venue because the deficiencies identified above indicate that a transfer would not be in the interest of justice. Accordingly, it is

4

ORDERED that the Complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that Mr. Pirela's "Motion to Compel Supoena Duces Tecum" (Doc. No. 14) filed on January 19, 2010, is denied as moot.

DATED at Denver, Colorado, this _1st_ day of _February_, 2010.

BY THE COURT:

_s/ Philip A. Brimmer for_
PHILIP A. BRIMMER
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02525-BNB

Edwin Mitchell Pirela
Reg No. 145456
Utah State Prison 32338
14717 S. Minuteman Dr
P.O. Box 250
Draper, UT 84020-0250

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/1/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk