IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 12 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02525-ZLW

EDWIN MITCHELL PIRELA, Pro Se Pro Hoc Vice, ADA Litigant,

Plaintiff

v.

MAGISTRATE JUDGE TED STEWART, United States District Court, Central Utah,
JUDGE PAUL G. MAUGHAN, The (SLK) Third District County Court, Salt Lake, Utah,
ATTORNEY GENERAL MARK L. SHURTLEFF, Utah Attorney General's Office,
ASSISTANT ATTORNEY GENERAL CHRISTOPHER D. BALLORD, Utah Attorney
        General's Office,
SUPREME JUSTICE CHRISTINE M. DURHAM,
APPEAL JUDGE PAMELA T. GREENWOOD,
UTAH APPEAL COURT, and
UTAH SUPREME COURT,

        Defendants.

---

ORDER CONSTRUING OBJECTIONS AS
MOTIONS TO RECONSIDER AND DENYING MOTIONS

---

On May 7, 2010, Plaintiff Edwin Mitchell Pirela filed two pleadings. One pleading

is titled "Objection to Court Dismissal of Petition for Lack of Proper Venue and no

Transfering [sic]" and the other is titled "Objection to Denied as Moot Motion to Order

and Compel Subpoena Duces Tecum." The Court must construe the objections

liberally because Mr. Pirela is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court,

therefore, will treat the objections as motions to reconsider filed pursuant to Fed. R. Civ. P. 60(b). For the reasons stated below the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Mr. Pirela's motions were filed more than twenty-eight days after the Court's Order of Dismissal entered on February 1, 2010. Therefore, the motions are construed as motions to reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b), however, is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the motions to reconsider and the entire file, the Court finds that Mr. Pirela fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action or address Mr. Pirela's Motion to Compel Subpoena Duces Tecum. Therefore, the Court finds that Mr. Pirela has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b). Accordingly, it is

2

ORDERED that the Objections (Docket Nos. 22 and 23) filed on May 7, 2010 are construed as motions to reconsider filed pursuant to Fed. R. Civ. P. 60(b) and are denied.

DATED at Denver, Colorado, this  11th   day of   May  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02525-ZLW

Edwin Mitchell Pirela
Reg No. 145456
Utah State Prison 32338
14717 S. Minuteman Dr
P.O. Box 250
Draper, UT 84020-0250

    I hereby certify that I have mailed a copy of the **ORDER**  to the above-named individuals on 5|12|10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk